THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES H. ROOSEVELT, Appellant, *v.* THE BOARD OF TRUSTEES OF THE VILLAGE OF NEW ROCHELLE, Respondent.

*Repeal of law — when it revives a prior law — New Rochelle — its trustees have power to act as a board of health.*

The repeal of the acts creating a metropolitan sanitary district by chapter 433 of 1871, and the provision contained in the latter act empowering the trustees of every incorporated village in Westchester county to exercise all the authority given by the Revised Statutes, "and all acts supplemental thereto and amendatory thereof," revived subdivision 17 of section 1 of title 3 of chapter 249 of 1864 authorizing the board of trustees of the village of New Rochelle to act as a board of health within the village limits.

Appeal from an order denying a motion for a writ of *mandamus* to compel the board of trustees of the village of New Rochelle to appoint a board of health for that village.

*C. H. Roosevelt*, appellant in person.

*Martin J. Keogh*, for the respondent.

Barnard, P. J.:

The defendants by their charter were clothed with the power " to act as a board of health" within the village limits. (Chap. 249, Laws of 1864; tit. 3, § 1, sub. 17; tit. 7, § 8.) As the general law stood in reference to villages the trustees had only power to appoint boards of health. (1 R. S. [6 ed.], pt. 1, tit. 6, chap. 14, art. 2.) The charter to defendants, as to the village, was supplemental to the general law and provided a different board of health composed of the village trustees. Subsequently to the passage of the defendants' charter a metropolitan sanitary district was created which included New Rochelle within its limits, and a board of health was provided by law for the entire district.

No doubt this board of health was designed to embrace all the sanitary district, and was to exclude all other boards of health. (Chap. 74, Laws of 1866; chap. 686, Laws of 1866.)

In 1871, the act creating the sanitary district and board of health therein was repealed, and the trustees of every incorporated village in Westchester county were empowered to exercise all the authority given by the Revised Statutes above cited, " and all acts supplemental thereto and amendatory thereof." The charter of defendant was supplemental to the Revised Statutes as to a board of health within its boundaries. The legislature as to this village changed the general law and made the trustees a board of health. When the metropolitan sanitary act was repealed, it revived the clauses in the defendants charter under the words " supplemental thereto and amendatory thereof." (Chap. 433, Laws of 1871.)

These words revived the general law, and all laws relating to the public health in specified divisions, like villages which had special

powers on this subject * * * and which had been suspended by the sanitary act referred to.

Order affirmed, with ten dollars costs and disbursements.

GILBERT, J., concurred; DYKMAN, J., not sittting.

Order affirmed, with costs and disbursements.